IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY WAYNE SNELSON,

                      Plaintiff,

  v.                                                   ORDER

DEREK S. WILSON,                           23-cv-336-jdp

                      Defendant.

---

    I allowed pro se plaintiff Jeremy Wayne Snelson to proceed on Eighth Amendment medical care and Wisconsin-law medical negligence claims against defendant Derek S. Wilson based on the allegation that Wilson caused Snelson unnecessary pain by taking away his medicated eye drops. Snelson has filed what he calls a motion to amend the complaint, but he actually seeks reconsideration of my decision to dismiss several other claims and defendants. Dkt. 7. I will deny Snelson's request to reconsider my order because Snelson hasn't shown that my determinations were erroneous. *See Collins Bey v. Ashworth*, No. 17-cv-784-jdp, 2022 WL 522995, at *4 (W.D. Wis. Feb. 22, 2022) ("The court will grant a motion under Rule 54(b) only when necessary to correct manifest errors of law . . . ."). The new allegations that Snelson provides in his motion don't warrant reconsideration. *See Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009) (motions for reconsideration "may not be used to cure defects that could have been addressed earlier").

    If Snelson believes that his new allegations support additional claims, he is free to try again: Snelson has the right to file one amended complaint at this stage of the case. *See* Fed. R. Civ. P. 15(a)(1)(B). The period within which Snelson may file an amended complaint without

permission from the court ends on October 20, 2023. But I will give him until November 20 to file an amended complaint if he wishes to.

Here are some points that Snelson should bear in mind if he files an amended complaint. The amended complaint, if he chooses to file one, will act as a complete substitute for the original complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption. This means that, even though I have already allowed Snelson to proceed against Wilson on two claims, he would have to repeat his allegations against Wilson in the amended complaint to proceed against him on these claims.

Snelson must file his amended complaint on the court's prisoner complaint form. If he needs extra space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

Snelson should:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Snelson must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Snelson believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy Wayne Snelson's motion to amend, Dkt. 7, is DENIED without prejudice.

2. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered October 19, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge